NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOLANDA GOMEZ VALENCIA; D. L. A. G.; J. E. A. G., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General,[1] <br><br> Respondent. | No. 23-2506 <br><br> Agency Nos. <br> A209-167-989 <br> A209-168-168 <br> A209-168-169 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

---

[1] Pamela Bondi is substituted as Attorney General pursuant to Federal Rule of
Appellate Procedure 43(c)(2).

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Yolanda Gomez Valencia (Gomez Valencia) and her two children, natives and citizens of Mexico,[2] petition for review of an order from the Board of Immigration Appeals (BIA) dismissing their appeal of the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

"When the BIA reviews the [Immigration Judge (IJ)'s] decision de novo, our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted. . . ."  *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (citation and internal quotation marks omitted).  We review the BIA's legal determinations de novo and its factual findings for substantial evidence.  *See Umana-Escobar v. Garland,* 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

**1.**  As to her asylum claim, Gomez Valencia argues that the BIA erred in finding that she failed to establish that she had suffered past persecution or has an objectively reasonable fear of future persecution.  "Where, as here, the BIA determines whether the petitioner's past harm rose to the level of persecution, we have held alternatively that the BIA's determination is reviewed de novo or for substantial evidence. . . ."  *Corpeno-Romero v. Garland*, 120 F.4th 570, 577 (9th

---

[2] Petitioner's minor children were included as derivative beneficiaries on Petitioner's asylum application.

Cir. 2024) (citations omitted). Even under the less deferential de novo standard of review, the BIA's determination was correct. *See id*.

Gomez Valencia received three anonymous threatening phone calls—one in November of 2013 and two in June of 2016—but was never threatened in person or physically harmed. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (noting that "anonymous or vague" threats alone "rarely constitute persecution").

In July 2014, Gomez Valencia's two brothers were murdered by gang members for failing to comply with extortion demands. The IJ found, and the BIA affirmed, that Gomez Valencia failed to demonstrate that her brothers' murders were "related to [her] in any way." We review for substantial evidence the factual findings underlying the BIA's asylum eligibility determination. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Even though harm to a petitioner's close relatives "may contribute to a successful showing of past persecution," the harm to others must be part of "a pattern of persecution closely tied to [the petitioner]." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citations omitted). Because Gomez Valencia failed to sufficiently relate her brothers' murders to her claimed persecution, the BIA did not err in concluding that Gomez Valencia failed to establish that she suffered past persecution. *See id*.

**2.** Absent evidence of past persecution, Gomez Valencia may obtain relief

by making a showing of a well-founded fear of future persecution that is subjectively genuine and objectively reasonable. *See id.* We review the BIA's determination of whether a non-citizen has adduced a well-founded fear of future persecution for substantial evidence. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1198 (9th Cir. 2023). The BIA determined that Gomez Valencia did not establish gang members had taken steps "to find or target her" since she left Mexico in 2016. *See Sharma v. Garland*, 9 F.4th 1052, 1065-66 (9th Cir. 2021) (determining that an alleged persecutor's lack of continued interest in the petitioner weighed against finding that her fear was objectively reasonable). Additionally, Gomez Valencia's family, including her widowed sister-in-law, continue to live in Mexico, apparently unharmed. *See id.* at 1066 (explaining that evidence of similarly situated members of the petitioner's family continuing to reside without incident in the petitioner's native country "undermines a reasonable fear of future persecution"). Accordingly, substantial evidence supports the BIA's conclusion that Gomez Valencia did not establish an objectively reasonable fear of future persecution.[3]

---

[3] Because the conclusion that the Gomez Valencia cannot establish past persecution or a well-founded fear of future persecution is determinative of the asylum and withholding of removal claims, *see Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021), we do not address her other arguments on appeal. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) (noting that courts and agencies are not required to decide issues unnecessary to the results they reach).

**3.** Substantial evidence supports the BIA's determination that Gomez Valencia did not establish that she "more likely than not" would be tortured if removed to Mexico. *Id.* at 1067. The record does not contain evidence that Gomez Valencia experienced harm rising to the level of torture. Gomez Valencia presented no evidence that she was physically harmed in Mexico. Substantial evidence supports the determination that her brothers' murders were not part of a pattern of harm "closely tied" to her, *Wakkary*, 558 F.3d at 1060, and the determination that the anonymous phone threats she received did not rise to the level of torture. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005). In sum, this evidence does not compel the conclusion that Gomez Valencia will "more likely than not . . . face a *particularized* and *non-speculative* risk" of torture if returned to Mexico. *Park*, 72 F.4th at 980 (citation omitted) (emphases in the original).

**PETITION DENIED.**